UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SCOTT D.,                           )
                                    )
    Plaintiff                      )
                                    )
v.                                  )     2:18-cv-00391-LEW
                                    )
ANDREW M. SAUL, Commissioner,       )
Social Security Administration,     )
                                    )
    Defendant                      )

# REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 28, 2018, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of right shoulder degenerative joint disease, cervical spine degenerative disc disease, depressive disorder, and general anxiety disorder. (R. 19, 21.) The ALJ determined that Plaintiff's mental impairments result in moderate limitations in interacting with others, concentrating, persisting, or maintaining pace. (R. 22.) The ALJ also found Plaintiff has the residual functional capacity (RFC) to perform light work; climb, stoop, kneel, crouch, and crawl on a frequent but not constant basis; work overhead with his right arm on a frequent, but not constant basis; work with supervisors and coworkers, but never with the public; and adapt to simple changes in work routine. (R. 23.)

The ALJ ultimately concluded that Plaintiff could not return to past relevant work, but could perform other substantial gainful activity, including specific jobs existing in significant numbers in the national economy. (R. 29-30.)

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings

of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred because she did not properly consider the Department of Veterans Affairs (VA) disability ratings when assessing Plaintiff's RFC. Plaintiff also contends the ALJ did not consider her step 3 "moderate" concentration, persistence, and pace finding when she made her RFC finding, and failed to consider or discuss material opinion evidence in the record. (Statement of Errors, ECF No. 9.)

The VA assessed Plaintiff to have a disability rating for his right shoulder and depression. (R. 633 – 645.) VA rating decisions are entitled to "some weight." *Genness-Bilecki v. Colvin*, No. 1:15-cv-387-JHR, 2016 WL 4766229, at *2 – 3 (D. Me. Sept. 13, 2016). In this case, after acknowledging that Plaintiff was in receipt of VA compensation, the ALJ's discussion of the VA rating consisted of the following:

> [A] disability decision by another governmental agency is based upon that agency's rules and is neither dispositive nor binding upon me (emphasis added). While I am grateful for the claimant's military service, there are very different factors involved in this Administration's determination of disability, the finding of which is reserved to the Commissioner. (20 CFR §§ 404.1504 and 404.1512(b)(5)).

> To wit, the VA expresses disability as a percentage of diminished earning capacity that varies with the severity of a veteran's medical condition, and applied to a hypothetical average person's ability to earn income. In contrast, this Agency does not assess degrees of disability, but uses the 5-step sequential process applied herein to find if a person cannot perform any past work or any other substantial gainful work in the national economy (20 CFR § 404.1501). In other words, SSA assesses the most an individual can do, not the least.

3

> The VA also has a lower standard of proof when it comes to evaluating the credibility of subjective complaints, allowing claimants a greater 'benefit of the doubt' (38 U.S.C. §§ 5107(b); 38 CFR § 3.102). This contrasts with Agency adjudicators who apply a preponderance of the evidence standard (20 CFR §§ 404.953, 405.1(c)(3)); additionally significant in the context of policies that identify specific errors to be considered when assessing a claimant's subjective complaints (SSR 96-7p, 20 CFR § 404.1529). Thus, the award of VA compensation is of limited evidentiary value.

(R. 28.)

Although the ALJ concluded that "the award of VA compensation was of limited evidentiary value," the ALJ did not discuss Plaintiff's VA ratings or the reasons the ratings might be of limited evidentiary value. That is, the ALJ's analysis focused on the differences between the systems of the VA and Social Security Administration, but the analysis did not include an assessment of Plaintiff's VA ratings or the reasons Plaintiff's ratings, rather than any or every VA rating, was of limited evidentiary value. While the ALJ's analysis does not necessarily have to be extensive, *see*, *e.g.*, *Jennifer B. v. Soc. Sec. Admin. Comm'r*, No. 2:18-CV-00065-NT, 2018 WL 4928975, at *3 (D. Me. Oct. 11, 2018), report and recommendation adopted, 2018 WL 5499536 (D. Me. Oct. 29, 2018), the ALJ must weigh the VA ratings in the context of the evidence in each case. The ALJ's decision does not reflect that the required assessment occurred in this case. Instead, the decision suggests that in the ALJ's view, VA ratings are in general of limited value. The ALJ's observations regarding the differences between the VA and social security processes might be valid. A general discount of the VA ratings, however, does not satisfy the obligation to weigh Plaintiff's VA ratings in the context of the claim asserted and the relevant record evidence in this matter. Given that Plaintiff's VA ratings relate to some of

the conditions that are the subject of Plaintiff's claim in this matter, the failure to weigh the ratings cannot be deemed harmless. Accordingly, remand is warranted.[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2019.

---

[2] Because I have concluded that Plaintiff is entitled to remand, I have not addressed Plaintiff's other claimed errors.